DREW D. HELMS, ESQ.; SBN: 295207
DHelms@plszlaw.com
**PYKA LENHARDT SCHNAIDER ZELL**
A PROFESSIONAL CORPORATION
837 North Ross Street
Post Office Box 1558
Santa Ana, CA 92702
(714) 835-9011; FAX: (714) 667-7806

Attorneys for Plaintiff, Nicky Hawthorne

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nicky Hawthorne,<br><br>          Plaintiff,<br><br>vs.<br><br>Kellie Madison, Open Road Films, Glacier Films, The Tank, LLC,<br><br>          Defendants. | **CASE NO: 2:15-cv-1015**<br><br>**JUDGE:**<br>**DEPT:**<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF CO-AUTHORSHIP AND FOR AN ACCOUNTING OF PROFITS; AND FOR UNFAIR COMPETITION PURSUANT TO CAL. BUS. & PROF. CODE § 17200, ET SEQ.** |

**COMES NOW,** Plaintiff, Nicky Hawthorne, and complains and alleges as to Defendants, and each of them, as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction because this action arises under a federal statute; 17 U.S.C. 201(a). This Court has supplemental jurisdiction over the state law claims involved because those claims are so related to claims in the action within such original jurisdiction that they form part of the same case or

-1-

**COMPLAINT FOR DECLARATORY JUDGMENT OF
CO-AUTHORSHIP AND FOR AN ACCOUNTING OF PROFITS**

controversy under Article III of the United States Constitution.  Venue is proper in the Western Division of the Central District of California because the events giving rise to this action occurred in Los Angeles County, California, and both Nicky Hawthorne and Kellie Madison are residents of Los Angeles County, California.

## PARTIES

2. Plaintiff Nicky Hawthorne (aka Nicolle Schuenke) is one of two collaborating writers who co-authored the screenplay entitled <u>The Tank</u>, with the intent that her contributions be combined as inseparable parts of a unitary whole with the contributions of Kellie Madison (aka Kellie Hallihan).

3. Defendant Kellie Madison is one of two collaborating writers who co-authored the screenplay entitled <u>The Tank</u>, with the intent at the time of the writing that her contributions be combined as inseparable parts of a unitary whole with the contributions of Nicky Hawthorne.

4. Defendant The Tank, LLC, is a real party in interest as either licensee or assignee of Kellie Madison regarding the exploitation of the joint work and is believed to be a corporation created for the purpose of producing the film.

5. Defendant Open Road Films, is a real party in interest as either licensee or assignee of Kellie Madison regarding the exploitation of the joint work and is believed to be the entity with whom Kellie Madison has arranged for the distribution of the film.

6. Defendant Glacier Films, is a real party in interest as either licensee or assignee of Kellie Madison regarding the exploitation of the joint work and is believed to be the entity to whom the rights to produce the film were sold, licensed or assigned.

/ / /
/ / /
/ / /
/ / /

## CAUSE OF ACTION FOR DECLARATORY JUDGMENT OF CO-AUTHORSHIP OF A JOINT WORK AND UNFAIR COMPETITION.

7. In the month of October 2013, Nicky Hawthorne and Kellie Madison collaborated to write a screenplay that entitled <u>The Tank</u>, completing the script on or about October 31, 2013.

8. Nicky Hawthorne was first engaged, via written contract, with Kellie Madison to write a ten-page treatment of the beginning of the screenplay as part of a competitive audition process for the opportunity to collaborate with Kellie Madison on the writing of the remainder of the screenplay.

9. Kellie Madison selected Nicky Hawthorne to be her co-author on the remainder of the screenplay, and no written contract governing the writing, authorship rights, or credit rights regarding the screenplay was created or executed although both parties understood themselves to be co-authors even if with unequal obligations and contributions. This understanding is documented in numerous email and text message exchanges between the co-authors and each of their contributions were substantial and independently copyrightable as complete sections of dialogue and stage direction.

10. On November 1, 2013, Kellie Madison submitted a copy of the joint work to the United States Copyright Office for copyright registration. The screenplay was assigned copyright number Pau 3-697-438, and the title page of that screenplay reads: "<u>The Tank</u> / Written by / Kellie Madison / AND / Nicky Hawthorne". A copy of the deposit copy filed with the Copyright Office is attached hereto as "Exhibit A".

11. At a table read of the same version of the screenplay, and of which there is an audio recording, the work was held out as being a joint work to the participants.

12. At some point after the writing of the script was completed, in the process of attempting to sell the script for production and distribution, Kellie

Madison decided she wanted sole credit for writing the screenplay and through her manager deceived Nicky Hawthorne into believing that she was not entitled to a writing credit as she had personally written less than a full 50% of the screenplay.

13. Kellie Madison then sold the screenplay to Glacier Films, either in the form of an assignment of rights or as a license to exploit the copyrighted work, a distribution deal was entered into with Open Road Films as either an assignee or licensee of Kellie Madison or Glacier Films, and a company was incorporated as "The Tank, LLC" for the production of the film as either an assignee or licensee flowing from Kellie Madison's grant of an assignment or license. Each and every defendant was aware of Nicky Hawthorne's involvement in the writing of the script at the time of entering into an agreement with Kellie Madison.

14. Nicky Hawthorne continued to work on the The Tank as an Associate Producer and as an Actor, roles for which she entered into separate written contracts that were separately compensated.

15. During the filming of The Tank, Kellie Madison and Nicky Hawthorne had a verbal disagreement wherein Kellie Madison affirmatively repudiated any writing contribution of Nicky Hawthorne and asserted that she had not written a single word.

16. Nicky Hawthorne discovered subsequent to this conversation that she had been deceived regarding her co-authorship status and sought counsel to reassert her authorship rights prior to the running of the applicable statute of limitations.

17. Nicky Hawthorne is informed and believes that the joint work was sold, assigned, licensed or otherwise exploited by Kellie Madison for monetary profits, both at the time of sale and on the back-end, possibly in the form of a share of the post-release profits of the film.

/ / /

/ / /

COMPLAINT FOR DECLARATORY JUDGMENT OF
CO-AUTHORSHIP AND FOR AN ACCOUNTING OF PROFITS

**WHEREFORE**, Plaintiff prays for a judgment, decree and order against defendants, and each of them, as follows:

1. That a judgment be entered declaring Nicky Hawthorne a co-author of the joint work screenplay entitled <u>The Tank</u> pursuant to 17 U.S.C. §§ 201(a) and 101;

2. That a judgment be entered declaring that as the co-author of a joint work Nicky Hawthorne is entitled to a co-equal share of all profits and incomes from the exploitation of that joint work by her co-author Kellie Madison;

3. That a judgment be entered declaring that any and all exclusive license or licenses granted by Kellie Madison regarding the exploitation of <u>The Tank</u>, or any transfer of rights exceeding her co-equal share of the rights to <u>The Tank</u>, are null and void absent the express written authorization of Kellie Madison's co-author Nicky Hawthorne;

4. That an order for an accounting of profits regarding the exploitation of the joint work entitled <u>The Tank</u> be issued against Kellie Madison, her agents, her assignees and her licensees.

5. That pursuant to Cal. Bus. & Prof. Code § 17200 et seq., the Court enjoin any defendant from exploiting the joint work without crediting Nicky Hawthorne as a writer;

6. That attorneys fees and costs be awarded pursuant to 17 U.S.C. §505;

7. That this Court award such other and further relief as the Court may deem just and proper.

DATED: February 11, 2015        **PYKA · LENHARDT · SCHNAIDER · ZELL**

By: ____s/ Drew Helms_____
DREW HELMS
Attorneys for Plaintiff Nicky Hawthorne

COMPLAINT FOR DECLARATORY JUDGMENT OF
CO-AUTHORSHIP AND FOR AN ACCOUNTING OF PROFITS